FILED
SUPERIOR COURT
OF GUAM

2019 MAY 29 PM 3: 04

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL.,<br><br>Defendants. | Superior Court Case No. **CV0426-18**<br><br>**DECISION AND ORDER<br>RE<br>ORDER TO SHOW CAUSE** |

The Court here addresses Plaintiffs' request to hold Defendant Stephanie Mendiola and her attorney, Curtis Van de veld, Esq., in contempt for failing to produce a quitclaim deed as ordered by the Court. After holding an Order to Show Cause hearing on May 3, 2019, and having considered the parties' briefs and arguments, the Court finds that Mendiola and Attorney Van de veld willingly violated a Court order to produce the deed. The Court holds them in contempt and issues a fine of $100 per person.

Plaintiffs' April 2, 2019 First Amended *Ex Parte* Application for an Order to Show Cause Why Curtis Van de veld, Esq. and Stephanie Mendiola Should Not Be Found In Contempt of Court and Sanctioned contends that Mendiola failed to appear for her scheduled April 1, 2019 deposition and produce a quitclaim deed. Plaintiffs expected Mendiola to provide the quitclaim deed after the Court ordered her to produce it in its March 29, 2019 Order re Plaintiffs' Request for Expedited Discovery Assistance. Mendiola responds that the Court's March 29 Order did not

## ORIGINAL

require her to attend her deposition on April 1, 2019, or to produce the deed on a certain date or time. Opp'n to Court's Issuance of an Order to Show Cause at 8 (Apr. 12, 2019).

Contrary to Mendiola's arguments, the procedural history of this case demonstrates that the parties awaited the Court's decision on whether or not Mendiola must produce the quitclaim deed and that such decision would be issued prior to her deposition. This issue originates from the early termination of Mendiola's original deposition on October 11, 2018. Mendiola claims that at that deposition, Attorney Wayson Wong attempted to serve her with a subpoena for documents in a separate case, which prompted Attorney Van de veld to terminate the deposition. Decl. Stephanie Mendiola ¶ 2 (Apr. 12, 2019). Attorney Wong thereafter attempted to continue the deposition, to which Attorney Van de veld agreed if limited to two hours. *See* Decl. Curtis Van de Veld, Ex. C at 7-9 (Feb. 25, 2019). However, Attorney Van de Veld later withdrew his offer. Tr. at 4:48 (Mar. 26, 2019).

Wong then issued a Notice for Mendiola's continued deposition, which set the continued date for three weeks later, on April 1, 2019, at 9:00 a.m. Pls.' Not. Taking Ctd. Depo. (Mar. 13, 2019). Plaintiffs also mentioned this date in their March 28, 2019 Expedited Discovery Resolution Brief, which asked the Court to order that Mendiola produce the quitclaim deed. Plaintiffs' Brief noted that Mendiola was scheduled to be deposed on April 1, 2019, and requested that the Court compel Mendiola to provide the deed before her April 1, 2019 deposition.

Mendiola agreed that her deposition had been set for April 1, 2019, and in an *ex parte* application, asked the Court to postpone her deposition pending a decision on her (third) Motion to Disqualify Wong. *Ex Parte* Appl. Protective Order (Mar. 25, 2019). Mendiola's ex parte application made no mention that Mendiola was otherwise unavailable to attend her April 1

ORIGINAL

deposition. The Court heard the *Ex Parte* Application for a Protective Order on March 26, 2019, and denied it, but also addressed the pending discovery issues--specifically, Plaintiffs' then pending request for an Order compelling Mendiola to produce a quitclaim deed. The Court stated on the record that it knew the parties awaited the Court's decision on Plaintiffs' request for expedited discovery assistance and was striving to issue that decision prior to the April 1 deposition. Tr. at 3:40 (Mar. 26, 2019). At that hearing, Attorney Van de veld argued that the April 1 deposition could not proceed because the Court had not ruled that Mendiola could be deposed. However, the Court then clarified that its March 11, 2019 Order intended to allow Plaintiffs to depose Mendiola. The Court also stated that a decision on whether Mendiola must produce the deed remained under advisement but would be determined prior to the scheduled deposition. The parties then discussed how much time Plaintiffs had to complete Mendiola's deposition, and because the parties could not come to an agreement, the Court stated that the Guam Rules of Civil Procedure dictated the time remaining. Tr. at 4:49 (Mar. 26, 2019). Finally, at the close of the hearing, Attorney Van de veld indicated that Plaintiffs intended to bring an interlocutory appeal of the Court's decision denying the *Ex Parte* Application for Protective Order.

A few days later, on March 29, 2019, the Court issued its Order re Plaintiff's Request for Expedited Discovery Assistance and required Mendiola to disclose the quitclaim deed. The Court issued its decision prior to the deposition date because, based on the Request for Expedited Assistance and Defendant's *Ex Parte* Application for Protective Order, the parties knew that the Court's order was relevant for the purposes of the April 1 deposition.

Meanwhile, the parties themselves discussed preparations for the April 1 deposition. Prior to April 1, Attorney Van de Veld asked Attorney Wong to confirm that he secured the use

ORIGINAL

of the Guam Law Library conference room for the deposition of Francis Gill on March 28, 2019. Attorney Wong responded that he secured it for Gill's deposition and for Mendiola's April 1, 2019 deposition. Opp'n to Court's Issuance of OSC, att. (April 12, 2019). Attorney Wong then sent more than one message to Attorney Van de Veld regarding his expectation that Mendiola would produce the quitclaim deed on April 1. Attorney Van de Veld responded that Mendiola "rejected" Attorney Wong's deadline. Opp'n to Court's Issuance of OSC, att.

It is undisputed that Mendiola failed to appear for her April 1 continued deposition, without giving prior notice.[1] Mendiola claims that she "was tending to prior commitments to my professional obligations and did not attend my deposition." Decl. Stephanie Mendiola ¶ 5. If that is true, then she could have preemptively notified Attorney Wong and she could have advised the Court at the March 26 hearing. The Court finds her decision to tend to prior commitments to be disingenuous given that earlier in the week she asked the Court to postpone her deposition for other reasons. In other words, Mendiola simply refused to be deposed.

Mendiola also claimed that the March 29 Order did not allow her time to consider whether to file an interlocutory appeal on either her *ex parte* request for a protective order or on the Court's order compelling her to produce the quitclaim deed. However, no appeal has been filed in the two months since the Court issued the March 29 Order. Suffice it to say, adequate time passed after the Court issued the March 29 Order up until the Court ordered her to show cause, and yet, Mendiola still withheld the quitclaim deed.

Upon request by Plaintiffs, the Court issued an Order to Show Cause to Mendiola and Attorney Van de Veld, which required them to "show why they should not be found in contempt

---

[1] Since the OSC hearing, Mendiola agreed to sit for a second deposition on May 11, 2019. Decl. Stephanie Mendiola ¶ 6.

ORIGINAL

of court and sanctioned for violating this Court's March 29, 2019 order that defendants disclose to plaintiffs this quitclaim deed that Mendiola signed and notarized for the 14 lots involved in this case and additionally, as to defendant Mendiola, for failing to give her continued deposition on April 1, 2019." As of the date of the hearing on the OSC--May 3, 2019--Mendiola had not produced the quitclaim deed as ordered by the Court.

The Court finds that Mendiola's disregard of the April 1 deposition and the Court's March 29 Order merits a finding of contempt. Guam law has four elements of contempt: (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. In this case, Mendiola had knowledge of a valid order, an ability to comply with the order, and willfully failed to comply.

The March 29, 2019 Order re Plaintiff's Request for Expedited Discovery Assistance required Mendiola to produce the quitclaim deed, and she knew of the Order through her attorney. Mendiola complains that the Court's March 29, 2019 Order did not specify a time for her to produce the document. However, that representation flies in the face of then-ongoing motion work before the Court in which the parties litigated whether the April 1 deposition should proceed and Plaintiffs' anticipated line of questioning at that deposition. The Court also made clear on March 26 that Plaintiffs may take Mendiola's continued deposition and that it would issue its decision on the quitclaim deed prior to April 1.

Because the Court made clear that Mendiola may be deposed, Mendiola was under an obligation to appear for her continued deposition and produce the document. The Court does not accept Mendiola's excuse for non-appearance. Plaintiffs gave Mendiola more than three weeks' notice of her continued deposition in compliance with the obligation to give reasonable notice.

ORIGINAL

In failing to give timely notice that she would not appear and in not producing the quitclaim deed, Mendiola violated the Court's order.

The Court notes that Mendiola also takes the position that she had turned the document over to her attorney. *See* Opp. Pl.'s Req. Expedited Discovery Assistance at 3 (Mar. 19, 2019). In that case, Attorney Van de veld had the obligation to produce the document pursuant to the Court's Order and willfully violated that order in failing to do so.

For an appropriate sanction, the Court looks to the contempt statute.[2] In issuing a contempt order, the Court may impose the same penalties for a person convicted of a petty misdemeanor. 7 GCA § 34101(b). A petty misdemeanor crime may be punished by a maximum term of 60 days of imprisonment and/or a $500 fine. 9 GCA §§ 80.34(b), 80.50. The Court therefore sanctions Mendiola and Attorney Van de veld in the amount of $100.00 each for their failure to produce the quitclaim deed as ordered by the date of April 1 deposition or even a reasonable period of time after the Court issued its March 29 Decision and Order.

SO ORDERED this 29th day of May 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

WONG
VAN DE VELD

Date: 5/29/19 Time: 330p

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

---

[2] Plaintiffs have also filed two requests for sanctions related to the failure to produce the deed and appear for the deposition. The first, filed on April 15, 2019, requests recovery of attorney's fees and costs. The second, filed on May 7, 2019, requests relief under Rule 37. Briefing is still pending on the second motion. The Court will address those requests together upon review of the briefing.

ORIGINAL